IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 4:21-cv-31-BO

| | |
|---|---|
| ANGELA O'NEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CONSENT PROTECTIVE ORDER** |
| v. ) | |
| ) | [Fed. R. Civ. P. 26(c)] |
| TOWN OF BEAUFORT, NORTH ) | |
| CAROLINA, ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER comes before the Court pursuant to a joint motion by the parties for entry of a Consent Protective Order, and the Court having considered this Motion and other matters of the record herein, and the Court finding that Plaintiff has filed a Complaint in this action alleging, *inter alia*, that Defendant Town of Beaufort, North Carolina violated her constitutional rights, and the Court finding that given the nature of the issues in dispute in this matter, that future discovery or other litigation activity may require the disclosure or use of information and documentation which contains confidential or sensitive information, including but not limited to, confidential personnel information or files of or relating to certain employees of the Town of Beaufort, North Carolina; certain confidential and private documents and testimony of Plaintiff, including but not limited to medical information; and potentially other confidential and/or sensitive information that is not available publicly and a Party designates as confidential. It further appearing to the Court that the interests of justice require that any such confidential and/or sensitive information that may be produced during discovery or otherwise disclosed or used during the course of this action be

1

protected pursuant to this order and that all applicable privacy rules regarding such confidential information as required by applicable federal and state law be observed and enforced.

**IT IS, THEREFORE, ORDERED,** upon the joint motion of the Parties, that a Consent Protective Order be entered for the purposes of assuring the confidentiality of all confidential and/or sensitive information that may be disclosed by the Parties by consent, in response to discovery, in response to orders of the Court, in conjunction with the filing of any motion or response thereto, or otherwise during the course of this matter as follows:

1. In accordance with the provisions set forth below, the Court intends confidential and/or sensitive information and documents produced, obtained, or exchanged in the course of this action shall be used by the party or parties to whom such documents are produced, obtained, or exchanged solely for purpose of this lawsuit and for no other purpose.

2. Any documents produced or exchanged between Plaintiff and Defendant, and any information contained in discovery, including but not limited to deposition testimony and deposition exhibits, written discovery responses, and affidavits or declarations, that a party, or a non-party from whom discovery is sought, believes is protected from disclosure under governing law, or otherwise contains, refers to, or reflects confidential personnel information and is ordinarily maintained in confidence, or other confidential and/or sensitive information; and other documents containing, referring to, or reflecting such information, may be designated as "CONFIDENTIAL." All documents and information so designated and all copies thereof (hereinafter referred to collectively as "Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order; provided, however, that counsel for the party or non-party producing information designated as CONFIDENTIAL may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order;

2

and provided further that nothing in this Order shall prevent any party from challenging the designation of any document as CONFIDENTIAL.

3. Any party or non-party from whom discovery is sought may designate a document as Confidential Information pursuant to the terms of this Order by affixing to the first page thereof a stamp with the legend "CONFIDENTIAL" or may, in the alternative, by written notice inform opposing counsel that the document is to be treated as Confidential Information. It is agreed by the Parties that if a party or non-party wishes to maintain the confidentiality of the document in a brief or other court filed document, then the party or non-party must follow the procedures set forth in Paragraphs 13 and 14 of this Consent Protective Order.

4. Confidential Information shall be produced only to counsel of record in this action, each of whom is bound by the terms of this Order.

5. Neither Confidential Information nor its contents shall be disclosed to any other person without the agreement of the party or non-party designating information as confidential, except that counsel may, without further agreement, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

   a. Attorneys, legal assistants, and law firm employees of the Parties who have a need to handle the Confidential Information under normal law firm office procedure;
   b. Expert witnesses retained by the parties in this action;
   c. The Court and its staff;
   d. Insurers of the parties, and
   e. Any court reporters present in their official capacity at any hearing, deposition, or other proceeding in this action.

3

Individuals handling Confidential Information pursuant to Paragraph 5(b) or 5(d) shall sign the Confidentiality Agreement attached to this Order as "Exhibit A."

6. Any party may also designate portions of a deposition as Confidential Information by notifying the other party in writing within twenty-one (21) days of receipt of the transcript, which portions thereof should be designated as confidential. All depositions shall be treated as confidential during this twenty-one (21) day period. Confidential Information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following: "CONFIDENTIAL." Any party wishing to use Confidential Information within a deposition transcript shall follow the procedures set forth in Paragraphs 13 and 14 in this Protective Order.

7. The parties shall attempt to informally resolve any disputes regarding designations of Confidential Information. If such disputes or objections cannot be resolved informally, any party may move the Court for appropriate relief to resolve the matter. Regardless of which party moves the Court, the party or non-party that made the designation at issue shall bear the burden of demonstrating that the material is confidential or highly sensitive and should continue to be protected from disclosure by this Protective Order. However, until such time as the Court, after hearing from both sides, specifically rules otherwise, the contested material shall be treated as Confidential Information, shall remain subject to the provisions of this Protective Order and shall not be disclosed over any producing party or non-party's objection.

8. Confidential Information shall be used solely for the purpose of prosecution or defense of this action, and such documents may only be used, consistent with the terms of this Order, in pretrial discovery and at the trial or preparation for trial and any appeals of this action.

4

9. This Consent Protective Order is intended to be, and shall be construed as, a court order expressly authorizing, subject to the procedures and protections set forth herein, the production of information: (i) containing or tending to reveal nonpublic personnel information; (ii) deemed confidential by, or exempted from, the North Carolina Public Records law, *et seq.*; (iii) constituting "personal information" under the North Carolina Identify Theft Protection Act of 2005; (iv) constituting personally identifiable information; (v) deemed, in good faith, as highly sensitive by counsel; or (vi) otherwise protected from public disclosure by any applicable law, regulation, protective order, or nondisclosure agreement. This order constitutes an order of a court of competent jurisdiction sufficient to permit the production of personnel information pursuant to N.C. Gen. Stat. § 160A-168(c)(4).

10. Producing or receiving materials or otherwise complying with the terms of this Order shall not:

   a. operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information; or

   b. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

   c. prejudice in any way the rights of a party to seek a court determination whether particular discovery materials should be produced or considered confidential; or

   d. prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

5

11. Before filing any information that has been designated as Confidential Information with the Court, or any pleadings, motions or other papers that disclose any such information, counsel shall confer with counsel for the party or non-party that produced the information so designated about how it should be filed. If the party or non-party that produced the information so designated desires that the materials be filed under seal, then the filing party shall file the materials in accordance with EDNC Local Civil Rule 79.2 and Section G of the Electronic Case Filing Administrative Policies and Procedures Manual, with notice served upon the party or non-party who produced the information.

12. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out findings in a proposed order to seal for the court.

13. In the event that a party or non-party producing information inadvertently fails to designate any of its Confidential Information pursuant to this Order, the party or non-party producing such information may designate it as confidential by providing written notification to

the other parties of its confidential or highly sensitive nature and, under such circumstances, the information shall be treated as confidential absent contrary instructions from the Court.

14. The confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order. At the conclusion of this litigation, including any appeals which may be filed, each party will return to the other all Confidential Information, including copies, received from the other during the course of this litigation, or shall destroy or redact all Confidential Information and certify in writing to counsel that the Confidential Information has been destroyed or redacted.

15. Any party may at any time and for any reason seek modification of this Consent Protective Order. This Consent Protective Order can be modified only by written agreement of the parties or by Order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

16. Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to establish or vitiate any potential objection to the production of any documents under the Federal Rules of Civil Procedure or prohibit or require the admission of any evidence under the Federal Rules of Evidence of any information subject to this Order.

17. This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the Court, or to seek further orders from the Court regarding the additional disclosure of, or restriction of, confidential information.

[REMAINDER OF THE PAGE LEFT INTENTIONALLY BLANK]

7

This the 30 day of March, 2022.

*Terrence W. Boyle*
The Honorable Terrence W. Boyle
United States District Judge for the Eastern
District of North Carolina

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I have read and am familiar with the terms of the Consent Order governing the Confidential Information in the case of *Angela O'Neal v. Town of Beaufort, North Carolina.* Case No. 4:21-CV-31-BO, in the Eastern District of North Carolina, Western Division, and I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information obtained, whether in documentary or other form, pursuant to that Order other than for purposes identified in the Order.

I also agree to return to counsel of record or to destroy not later than thirty (30) days after notification of the termination of this litigation or the termination of any related state or federal administrative proceedings, whichever is later, any and all documents in my possession containing information which is the subject of said Order (whether such information is in the form of notes, memoranda, reports, or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order).

I further agree to submit myself to the jurisdiction of the foregoing court, including its contempt power, for enforcement of said Order.

_____        _____
Signature                              Date


_____
Printed Name